# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0098-17T1

IN RE REGISTRANT R.J.

_____

Argued July 16, 2018 — Decided August 3, 2018

Before Judges Whipple and Suter.

On appeal from Superior Court of New Jersey,
Law Division, Somerset County, Docket No. ML-
05-18-0014.

Michael C. Woyce argued the cause for
appellant R.J. (Murphy & Woyce, attorneys;
Michael C. Woyce, on the brief).

Kimberly Savino French, Assistant Prosecutor
argued the cause for respondent State of New
Jersey (Michael H. Robertson, Somerset County
Prosecutor, attorney; Kimberly Savino French,
of counsel and on the brief).

Law Offices of Jeffrey S. Mandel, LLC,
attorneys for amicus curiae Association of
Criminal Defense Lawyers of New Jersey
(Jeffrey S. Mandel, of counsel and on the
brief).

PER CURIAM

Appellant R.J. appeals from the trial court's June 26, 2017 order denying his application to be removed from community supervision for life (CSL) under N.J.S.A. 2C:43-6.4(c).

On December 8, 2016, R.J. moved for removal from Megan's Law Registration and CSL. R.J. has a lengthy, serious criminal history. At age eighteen, he was convicted of robbery and sentenced to a youth correctional facility. He was subsequently arrested for terroristic threats, sexual assault, and drug related offenses.

By 1980, R.J. moved on to kidnapping, rape, sodomy, and lewdness after he lured several women to his home under the guise of being a model photographer. Once they were at his home, he prevented them from leaving and forced them to perform sexual acts, including sodomy. He was sentenced to twelve years in prison on the sodomy charge, with the lesser charges running concurrently. That same year, he was also sentenced in New York for sodomy.

On February 5, 1999, R.J. was convicted of second-degree sexual assault by force/coercion, stemming from a 1997 arrest. Similar to his 1980 offense, R.J. lured a victim to his "photography studio" and forced her to perform sexual acts. He was sentenced to a four year prison term, and was also subject to the special sentence of CSL, N.J.S.A. 2C:43-6.4. He was released on October 4, 2001.

On December 8, 2016, R.J. moved to: terminate registration as a sex offender, N.J.S.A. 2C:7-2(f); terminate community notification, N.J.S.A. 2C:7-2(f); and be removed from CSL, N.J.S.A. 2C:43-6.4(c). He withdrew his first two requests, leaving only removal from parole supervision for life. On March 1, 2017, the court held a hearing on the motion. Dr. R.[1] was the sole witness presented.

At the beginning of the hearing, the trial judge mentioned he remembered Dr. R. from a prior, unrelated matter. Dr. R. testified about his evaluation of R.J. and ultimately opined R.J. should be released from CSL because he posed a low threat to the safety of others if released.

The trial judge denied R.J.'s motion on June 14, 2017, and issued a written decision. In pertinent part, the opinion stated:

> Dr. [R.] last testified before this [c]ourt in Hunterdon County on May 6, 2015, as a defense expert in forensic and clinical psychology in a termination of parental rights case. Similar to the extant matter, Dr. [R.'s] opinion rests upon factual underpinnings which often lack verification, fail to include relevant information, and/or assign greater or lesser probative value than warranted by the facts. Based upon the [c]ourt's observations of Dr. [R.'s] demeanor during the course of his testimony, including his persistent, "no risk/low risk" mantra, despite [R.J.'s] extensive violent and

---

[1] We use initials to identify the expert for reasons that are apparent below.

deceptive criminal history, the [c]ourt finds
him to be a marginally credible witness.

The judge thoroughly detailed his additional reasoning for
rejecting Dr. R.'s testimony in its twenty-nine page opinion. This
appeal followed.

R.J. raises the following issues on appeal:

POINT I: THE TRIAL COURT INAPPROPRIATELY
RELIED ON TESTIMONY IN AN UNRELATED MATTER TWO
YEARS PRIOR IN A SEPARATE COUNTY IN MAKING
CREDIBILITY FINDINGS OF THE EXPERT DENYING
R.J. DUE PROCESS.

POINT II: REGISTRANT MET THE FIRST CRITERIA
FOR RELEASE FROM COMMUNITY SUPERVISION FOR
LIFE, N.J.S.A. 2C:43-6.4(C) AS HE HAS NOT BEEN
CONVICTED OF A CRIME SINCE HIS LAST RELEASE
FROM CUSTODY, A PERIOD GREATER THAN FIFTEEN
YEARS.

POINT III: THE SECOND CRITERIA FOR REMOVAL
REQUIRES R.J. TO PROVE BY A PREPONDERANCE OF
EVIDENCE THAT HE IS NOT LIKELY TO POSE A THREAT
TO THE SAFETY OF OTHERS IF RELEASED FROM
SUPERVISION.

POINT IV: THE TRIAL COURT ERRED IN NOT
TERMINATING R.J.'S COMMUNITY SUPERVISION AS
REQUIRED BY N.J.S.A. 2C:43-6.4(C) WHERE R.J.
PROVED BY A PREPONDERANCE OF THE EVIDENCE THAT
HE WAS NOT LIKELY TO POSE A THREAT TO THE
SAFETY OF OTHERS IF RELEASED FROM SUPERVISION.

The amicus curiae[2] raises the following issue on appeal:

WHILE JUDGES CAN MINIMIZE OR REJECT EXPERT
TESTIMONY FOR VARIOUS REASONS, IT IS PLAIN

---

[2]  By order of January 11, 2018, we granted the motion of the
Association of Criminal Defense Lawyers of New Jersey to appear
as amicus curiae and file a brief, but not participate in oral
argument.

ERROR TO MAKE CREDIBILITY FINDINGS BASED IN
PART ON A WITNESS' TESTIMONY FROM AN UNRELATED
PRIOR PROCEEDING.

At the outset, we note the judge's reference to Dr. R.'s prior testimony in an unrelated matter two year's prior invites such questions of impropriety and partiality that we are compelled to vacate and remand to a different judge.

We recognize the judge, in his written decision, fully summarized the expert's testimony, including the actuarial risk assessments, the psychosexual evaluation, and detailed the cross-examination of Dr. R., which rigorously challenged Dr. R.'s findings.  However, applying a plain error standard to consider whether an error is "clearly capable of producing an unjust result," Rule 2:10-2, we cannot ignore the taint associated with the apparent predetermination of a witness's credibility based on testimony from a prior proceeding beyond the record.

Put simply, it was unfair to R.J. for the judge to comment upon impressions of Dr. R.'s credibility from a previous case because it demonstrated inherent bias, even as an aside, when rejecting Dr. R.'s current assessment of R.J.  The judge's prior assessment was not based on something either party knew about or which they could have become aware because the prior case was a Family Division matter with a closed record.  Moreover, since the

doctor was the only witness to testify in R.J.'s case, the error clearly had the capacity to produce an unjust result.

Vacated and remanded to a different judge for a new hearing consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION